**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4033**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

OSCIEL GARCIA ESTRADA,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (7:11-cr-00123-F-1)

Submitted:  August 8, 2013          Decided:  August 16, 2013

Before WILKINSON, MOTZ, and AGEE, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

C. Burell Shella, SHELLA, HARRIS & AUS, PC, Durham, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Osciel Garcia Estrada pleaded guilty to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (2006). The district court sentenced Estrada to 140 months of imprisonment and he now appeals. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether Estrada's sentence is reasonable. Estrada filed a pro se supplemental brief raising additional sentencing issues. In addition, the Government has filed a motion to dismiss the appeal based on the waiver in the plea agreement. For the reasons that follow, we affirm the conviction and dismiss Estrada's appeal of his sentence.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). A waiver will preclude appeal of a specific issue if the waiver is valid and the issue is within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). The question of whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. Id. at 168.

"The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal." Id. at 169 (citation omitted). To determine

2

whether a waiver is knowing and intelligent, we examine "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991).

In addition, the purpose of the Fed. R. Crim. P. 11 colloquy is to ensure that the plea of guilt is entered into knowingly and voluntarily. See United States v. Vonn, 535 U.S. 55, 58 (2002). Accordingly, prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that he understands, the nature of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). The court also must determine whether there is a factual basis for the plea. Id.; United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991).

3

We have thoroughly reviewed the record and conclude that the district court fully complied with the requirements of Rule 11. We further conclude that Estrada's guilty plea and waiver of his appellate rights was knowing, intelligent, and voluntary. The appellate waiver included Estrada's right to appeal any sentence imposed, except a sentence above the advisory Guidelines range. Here, the district court sentenced Estrada within the advisory Guidelines range and, therefore, he has waived appellate review of his sentence.

We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. Accordingly, we affirm the conviction, grant the Government's motion to dismiss in part, and dismiss Estrada's appeal of his sentence. This court requires that counsel inform Estrada, in writing, of the right to petition the Supreme Court of the United States for further review. If Estrada requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Estrada. We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART